THOMAS G. STEARNS & others *vs.* AUSTIN W. KELLOGG & others.

The facts, set forth in a creditor's petition under § 19 of the insolvent law (*St.* 1838, c. 163), must be proved by competent evidence, before a warrant can be issued thereon; and an affidavit, taken in another state, by which it does not appear, that the adverse party had notice of the taking, or that it was impossible to give him such notice, as required by the Rev. Sts. c. 94, § 33, is not such evidence.

METCALF, J. This is a petition of the attaching creditors of William B. Bennett, praying that proceedings against him, under the insolvent law of 1838, may be stayed. The petitioners allege that, after they had attached his property to secure debts which he justly owed them, the firm of Ward & Heath preferred a petition to a master in chancery, praying that a warrant for the seizure of all his estate, real and personal, might issue, pursuant to the provisions of said law; that such warrant was issued and executed ; that the master proceeded to call meetings of Bennett's creditors, who chose the respondents to be assignees of his estate, and that the master had assigned it to them. The petitioners then aver that the proceedings of the master, in numerous particulars, were unwarranted and erroneous.

The court have found it necessary to consider only one of the alleged errors in these proceedings; namely, the proof which the master received of the petitioning creditors' claim against Bennett, previously to the issuing of the warrant.

By the insolvent law, (*St.* 1838, *c.* 163, § 19,) a warrant to take possession of an insolvent debtor's estate, upon the petition of a creditor, cannot be issued, unless the facts set forth in such petition shall appear to a judge of probate or master in chancery to be true. And they must be proved by competent evidence. *Ex parte Jordan*, 9 Met. 292. The only evidence of the petitioning creditors' claim, in this case, is the following affidavit, taken in New York : " State of New York. City and county of New York, ss. George Swartwout, being duly sworn, saith that he resides in the city of New York, and that he is salesman for the firm of Ward

38*

& Heath, merchants, trading in said city; that this deponent knows William B. Bennett, of Great Barrington, in the state of Massachusetts, and knows, of his own knowledge, that said Bennett bought two parcels of merchandise of said Ward & Heath; that is to say, one parcel in bill of goods, on the 29th day of September, 1846, and one parcel in bill of goods, on the 28th day of October, 1846; the first amounting to $ 210·26, and the latter to $156·96; that the account hereto annexed is a just, true and correct account of said parcels or bills of goods purchased by said Bennett, as aforesaid, and of each and every item of such goods, with the prices of the same, as agreed for by said Bennett; that said goods were duly delivered to said Bennett, by forwarding the same to him at Great Barrington, pursuant to his orders; and that said Bennett has not paid for the same, and that said Bennett is justly indebted to said Ward & Heath, in the full amount of said bills, being the sum of $ 367·22.   G. Swartwout.

" Subscribed and sworn to this 4th day of January, 1847, before me, J. W. Balestier, Massachusetts commissioner for the state of New York, residing in New York."

No notice of the taking of this affidavit appears to have been given to the debtor, and no reason appears for not giving him such notice.   For this cause, we are of opinion that the affidavit was *not competent evidence* of Bennett's debt to Ward & Heath.   By the Rev. Sts. *c.* 94, § 33, " all depositions and affidavits, taken out of the state, in any other manner than is prescribed in the three preceding sections," (namely, depositions taken under a commission, upon interrogatories filed,) " if taken before any notary public," &c., " may be admitted or rejected, at the discretion of the court; provided, that no such deposition or affidavit shall be admitted, unless it shall appear that the adverse party had sufficient notice of the taking thereof and opportunity to cross-examine the witness, or that, from the circumstances of the case, it was impossible to give him such notice."

The affidavit was therefore improperly received by the master, as evidence of the petitioning creditors' debt; and for

that reason the warrant to take possession of the debtor's property was improvidently issued, and must be superseded.

All further proceedings in the premises are to be stayed, and the property, which was seized on the warrant, is to be restored to the hands from which it was taken.

*I. Sumner*, for the petitioners.

*J. Rockwell & C. N. Emerson*, for the respondents.